DUVAL and others, Respondents, vs. WELCH, Appellant.

*January 12—January 30, 1912.*

*Mines and mining: Parol license, when revocable: Valuable discovery or prospect.*

The question being whether defendant, who had been mining on plaintiffs' land under a parol license, had struck a valuable discovery or prospect so that, under sec. 1647, Stats. (1898), his license could not be revoked, findings by the trial court to the effect that the ore found by the defendant was not a new or valuable discovery nor a valuable prospect are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Lafayette county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

For the respondents there was a brief by *Simpson & O'Brien* and *Ernest C. Fiedler,* and oral argument by *Mr. Fiedler.*

WINSLOW, C. J.    This is an action in equity by the owners of mineral lands to enjoin the defendant·from mining upon such lands.    The defendant claimed the right to mine thereon under a parol license given by the plaintiffs' ancestor in title. It is admitted that the license had been revoked if it was capable of revocation, but defendant claims that it was not capable of revocation, because he had struck a valuable discovery or prospect upon the land, and hence was protected from such revocation by the terms of sec. 1647, Stats. (1898).    The action was tried by the court, which found, among other things, that the land in question had been mined for fifty years; that a range of ore existed thereon which was discovered many years prior to the time when the defendant commenced mining on the land; that the work done by the de-

fendant was work upon that range; that the defendant found ore in a disseminated form through the rock and also came upon a pocket containing some cog lead and zinc ore, but that the ore so found was merely a pocket, and was neither a new nor valuable discovery nor a valuable prospect. Judgment was therefore entered for the plaintiffs.

Examination of the evidence shows that the findings above set forth are amply sustained by the evidence, hence the judgment must be affirmed.

*By the Court.*—Judgment affirmed.